UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

JUAN ARTURO MARTINEZ,
  a/k/a Juan Arturo Martinez Esquivel,
  a/k/a Francisco Cavazos

Case No. 8:24-cr-270-SDM-UAM

JUN 11 2024 PM 4:27
FILED - USDC - FLMD - TPA

18 U.S.C. § 1542
(Passport Fraud)
(Use of Passport Secured by False Statement)

**INDICTMENT**

The Grand Jury charges:

SEALED

**COUNT ONE**
**(Use of Passport Secured by False Statement)**

On or about September 11, 2021, in the Middle District of Florida, the defendant,

JUAN ARTURO MARTINEZ,
a/k/a Juan Arturo Martinez Esquivel,
a/k/a Francisco Cavazos,

did knowingly and willfully use U.S. Passport No. 489406582, issued under the authority of the United States, the issuance of which was secured by reason of a false statement made in the application therefore, which falsely stated that the defendant's place of birth was "Mission, TX," which said passport the defendant used to gain entry into the United States at Port Canaveral, Seaport.

In violation of 18 U.S.C. § 1542.

## COUNT TWO
### (Passport Fraud)

On or about April 7, 2022, in the Middle District of Florida, the defendant,

JUAN ARTURO MARTINEZ,
a/k/a Juan Arturo Martinez Esquivel,
a/k/a Francisco Cavazos,

did knowingly and willfully make a false statement on a Form DS-82, U.S. Passport Renewal Application, with the intent to induce and secure for his own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such Application, the defendant stated that his place of birth was "Mission, TX", which statement he knew to be false.

In violation of 18 U.S.C. § 1542.

### FORFEITURE ALLEGATIONS

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(6).

2. Upon conviction of a violation of 18 U.S.C. § 1542, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6):

    a. any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense;

   b. any property, real or personal, that constitutes, is derived from, or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and

   c. any property that is used or intended to be used to facilitate the commission of the offense.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of proceeds obtained from the offenses.

4. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

_____
Foreperson

ROGER B. HANDBERG
United States Attorney

By: *[signature]*
Karyna Valdes
Assistant United States Attorney

By: *[signature]*
Daniel J. Marcet
Assistant United States Attorney
Chief, National Security Section

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

JUAN ARTURO MARTINEZ,
a/k/a Juan Arturo Martinez Esquivel,
a/k/a Francisco Cavazos

INDICTMENT

Violations: 18 U.S.C. § 1542

A true bill,

███████████████

Foreperson

Filed in open court this 11th day

of June 2024.

_C. Reaves_
Clerk

Bail $_____

GPO 863 525